IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| O'REILLY AUTOMOTIVE STORES, INC., d/b/a O'REILLY AUTO PARTS, <br><br> Plaintiff, <br><br> v. <br><br> CARPAR PROPERTY I, LLC, <br><br> Defendant. | Case No. 20-cv-03246-SRB |

## **ORDER**

Before the Court is Defendant CarPar Property I, LLC's ("Defendant") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Based on Valid and Enforceable Forum Selection Clause. (Doc. #9.) For the reasons set forth below, the motion is DENIED.

### **I. BACKGROUND**

Plaintiff O'Reilly Automotive Stores, Inc. ("Plaintiff") and Defendant entered into a Master Lease with an effective date of December 29, 2000 (the "Lease"). Under the Lease, Plaintiff leased 57 stores in Arkansas, Iowa, Kansas, Missouri, Nebraska, and Oklahoma for an annual base rent of over $3,500,000. The Lease provided that Plaintiff could extend the term of the Lease for a 10-year period by giving Defendant notice on or before June 30, 2020. The Lease contains a forum selection clause, which is further discussed in Section II.

On June 29, 2020, Plaintiff provided Defendant written notice of its election to extend the term of the Lease with respect to 56 stores. Defendant responded that Plaintiff could not exercise the option, allegedly because Plaintiff was required to be—but was no longer—a publicly-traded company. On August 7, 2020, Defendant sent a letter to Plaintiff declaring a default under the Lease.

On August 10, 2020, Plaintiff filed this case against Defendant for a declaratory judgment. Plaintiff alleges that "[a] real, immediate, and justiciable controversy exists between [Plaintiff] and [Defendant] as to whether the conversion of [Plaintiff] to a non-publicly traded company prevents [Plaintiff] from extending the term of the Master Lease." (Doc. #1, ¶ 26.) Plaintiff alleges, and Defendant does not dispute, that the Court has diversity jurisdiction because the parties are completely diverse and more than $75,000 is at stake. 28 U.S.C. § 1332.

Defendant now moves to transfer venue under 28 U.S.C. § 1404(a). Relying on the Lease's forum selection clause, Defendant argues this case should be transferred to the United States District Court for the District of Arizona (the "District of Arizona"). Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. APPLICABLE LAW

A party may move to transfer a case from one venue to another. Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).[1] In *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013), the Supreme Court "articulated a bifurcated system of analysis for forum-based motions to transfer under § 1404(a) depending upon whether a case involve[s] a forum-selection clause." *In re Union Elec. Co.*, 787 F.3d 903, 906 (8th Cir. 2015).

If the case does not involve a mandatory forum selection clause, "a traditional, flexible, multi-factored analysis requires consideration of factors such as private and public interests,

---

[1] The parties appear to agree that this case could originally "have been brought" in Arizona, and that venue would be proper in the District of Arizona. *See* 28 U.S.C. § 1404(a). Indeed, Defendant states that it has filed a pending declaratory judgment action against Plaintiff in the District of Arizona. (Doc. #10, p. 2 n.1.) For purposes of the § 1404 analysis, the Court assumes that Arizona would be a proper forum.

2

Case 6:20-cv-03246-SRB   Document 18   Filed 09/23/20   Page 2 of 9

convenience to parties and witness[es], and respect for a plaintiff's choice of forum." *In re Union Elec. Co.*, 787 F.3d at 906; *see also Atlantic Marine*, 571 U.S. at 62-63.[2] However, if there is a mandatory forum selection clause, the traditional § 1404 analysis is modified in three significant ways. *Atlantic Marine*, 571 U.S. at 63.[3] "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine*, 571 U.S. at 63.

Second, the district court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. The private interest factors thus "weigh entirely in favor of the preselected forum" and "a district court may consider arguments about public-interest factors only." *Id.* Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

"To be mandatory," and thus subject to the modified § 1404 analysis, "a forum selection clause must contain language that clearly designates a forum as the exclusive one." *Perficient,*

---

[2] These specific factors are addressed in Section III(B).

[3] Defendant's reply brief argues that the Court does not need to find a mandatory forum selection clause before applying *Atlantic Marine's* modified analysis. (Doc. #17, pp. 2-4.) However, this Court agrees with case law holding that "[t]o enter *Atlantic Marine's* ambit and be presumptively enforceable, a forum-selection clause must be: (1) validly contracted; (2) unambiguously mandatory; and (3) applicable to the type of claims asserted in the lawsuit." *Sunflower Redevelopment, LLC v. Illinois Union Ins. Co.*, No. 4:15-CV-577-DGK, 2016 WL 4076821, at *4 (W.D. Mo. Jan. 4, 2016); *see also Fischer Farms v. Big Iron Auction Co., Inc.*, CIV 19-4111, 2020 WL 475607, at *4 (D.S.D. Jan. 28, 2020) ("*Atlantic Marine's* limitations on a § 1404(a) transfer analysis are restricted to cases involving mandatory forum selection clauses."). The parties appear to agree that the forum selection clause is valid and applicable to the claims in this lawsuit, and those issues are not further discussed.

*Inc. v. Priore*, No. 4:16 CV 249 CDP, 2016 WL 866090, at *3 (E.D. Mo. Mar. 7, 2016) (citations and quotations omitted). Conversely, a permissive forum selection clause "authorize[s] jurisdiction and venue in a designated forum, but do[es] not prohibit litigation elsewhere[.]" *Id.* In *Dunne v. Libbra*, 330 F.3d 1062 (8th Cir. 2003), the Eighth Circuit explained that a forum selection clause is "permissive" if it does not use the words "'exclusive,' 'only,' 'must,' or any other terms that might suggest exclusivity." *Id.* at 1064.

### III. DISCUSSION

#### A. The Forum Selection Clause is Permissive, Not Mandatory.

To resolve the pending motion, the Court must first determine whether the traditional or modified § 1404 analysis is applicable. Plaintiff argues the traditional analysis is applicable because the Lease's forum selection clause is permissive. Defendant contends that *Atlantic Marine*'s modified analysis applies because the forum selection clause is mandatory.

In relevant part, the Lease provides that:

> ***50. Forum Selection; Jurisdiction; Venue; Choice of Law***. Lessee acknowledges that this Lease was partially negotiated in the State of Arizona, this Lease was executed and delivered in the State of Arizona, all payments under this Lease will be delivered in the State of Arizona (unless otherwise directed by Lessor or its successors) and there are substantial contacts between the parties and the transactions contemplated herein and the State of Arizona. **For purposes of any action or proceeding arising out of this Lease, the parties hereto expressly submit to the jurisdiction of all federal and state courts located in the State of Arizona** . . . . **Furthermore, Lessee and Lessor waive and agree not to assert in any such action, suit or proceeding that they are not personally subject to the jurisdiction of such courts, that the action, suit or proceeding is brought in an inconvenient forum or that venue of the action, suit or proceeding is improper.** The creation of this Lease and the rights and remedies of Lessor with respect to the Properties, as provided herein and by the laws of the states in which the Properties are located, as applicable, shall be governed by and construed in accordance with the internal laws of the states in which the Properties are located, as applicable, without regard to principles of conflicts of law. With respect to other provisions of this Lease, this Lease shall be governed by the internal laws of the State of Arizona, without regard to its principles of conflicts of law. **Nothing contained in this Section shall limit or restrict the right of Lessor or Lessee to**

4

> **commence any proceeding in the federal or state courts located in the states in which the Properties are located to the extent Lessor or Lessee deems such proceeding necessary or advisable to exercise the remedies available under this Lease.**

(Doc. #1-1, pp. 51-52) (emphasis supplied).

Upon review of the parties' arguments and relevant case law, the Court finds that the forum selection clause is unambiguously permissive. As in *Dunne*, this "clause does not use the words 'exclusive,' 'only,' 'must,' or any other terms that might suggest exclusivity." *Dunne*, 330 F.3d at 1064. Although the parties agreed to venue and jurisdiction in Arizona, they did not agree that Arizona was the exclusive and only acceptable forum. *BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 896 (8th Cir. 2013) ("The loan agreements simply provide an action *may be brought* in the courts of St. Louis County, but do not indicate such actions *must* be brought there. This clause is permissive, not mandatory.") (emphasis in original).

Moreover, the forum selection clause expressly authorizes the filing of lawsuits outside of Arizona. The parties agreed that "[n]othing contained in this Section shall limit or restrict" the parties from "commenc[ing] any proceeding in the federal or state courts located in the states in which the Properties are located" if "necessary or advisable to exercise the remedies available under this Lease." (Doc. #1-1, p. 52.) Plaintiff argues, and Defendant does not dispute, that at least some of the properties are located in the forum state of Missouri.

Defendant's reply brief argues the clause is mandatory, but concedes that the "parties' intent was to allow proceedings in the particular states where the actual Properties are located[.]" (Doc. #17, pp. 6-7.) Under all these circumstances, and under both Arizona and Missouri law, the forum selection clause is unambiguously permissive. *BancorpSouth Bank*, 706 F.3d at 895 (applying Missouri law); *Phelps Dodge Corp. v. Brown*, 540 P.2d 651, 653 (Az. 1975)

5

(recognizing in part that a contract should be interpreted by "giving words their ordinary meaning").

## B. Transfer is Not Warranted Under the Traditional § 1404(a) Analysis.

Because the forum selection clause is permissive, *Atlantic Marine* is not applicable and the traditional § 1404 analysis governs. *Perficient, Inc.*, 2016 WL 866090, at *3 ("The *Atlantic Marine* analysis, however, does not apply where the forum selection clause is permissive rather than mandatory."). Under the traditional analysis, "considerable deference [is given] to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). The Court must balance several factors, including: "1. Convenience of the parties; 2. Convenience of the witnesses; 3. Accessibility of records; 4. Location of the conduct; [] 5. Applicability of forum state's substantive law," and 6. whether the interest of justice supports transfer. *Boilermaker-Blacksmith Nat'l Pension Trust v. Elite Mech. & Welding, LLC*, No. 20-cv-06021-SRB, 2020 WL 1856456, at *1 (W.D. Mo. Apr. 13, 2020); *see also Terra Int'l*, 119 F.3d at 696. These factors are addressed below.

### i. Convenience of the Parties

Although the forum selection clause is permissive, it supports a finding that Arizona would be convenient for the parties. *See Perficient, Inc.*, 2016 WL 866090, at *4 (recognizing that "a permissive forum selection clause is given less, though still significant, weight than a mandatory one"). However, as discussed above, the parties also agreed that suit could be brought wherever the properties are located, which includes Missouri.

In addition, Plaintiff is a Missouri corporation and its principal place of business is in Missouri. Defendant is a Delaware limited liability company and its principal place of business

6

is in New York.  Based on the parties' locations, Missouri would be more convenient for Plaintiff, and Missouri and Arizona would be of comparable convenience for Defendant.  Even if Arizona would be more convenient for Defendant, "[a] transfer should not be granted when to do so would merely shift, rather than eliminate, the inconvenience of the parties."  *Schmitt v. U.S. Dep't of the Interior*, Case No. 2:20-cv-4018-NKL, 2020 WL 3051608, at *3 (W.D. Mo. June 8, 2020) (quotations and citations omitted).  Based on the forum selection clause as a whole, along with the location of the parties, the convenience of the parties weighs slightly against transfer.

### ii. Convenience of the Witnesses and Accessibility of Records

Based on the Complaint, the issues in this case appear to be the formation and interpretation of the Lease, the origins and history of Plaintiff's corporate structure, and the parties' conduct as it relates to the relevant terms of the Lease.  (*See* Doc. 1, ¶ 18 ("Car Par I has repeatedly represented to others that no default has occurred under the Lease."); ¶ 22 ("Notwithstanding O'Reilly's timely notice of its election to extend the term of the Lease, Car Par I has claimed that O'Reilly cannot exercise the option to extend the Lease because O'Reilly is not now a publicly traded company.").

Because Plaintiff operates in Missouri, it appears that Missouri would be more convenient for its employees and corporate officers.  Defendant's employees and corporate officers appear to be primarily located in New York and/or Delaware.  Defendant's reply brief emphasizes that the forum selection clause states that the Lease was "partially negotiated" in Arizona, was executed and delivered in Arizona, and that there are substantial contacts between the transaction and Arizona.  However, Defendant does not identify any witness located in Arizona or how that forum would be more convenient for any such witness.

7

Case 6:20-cv-03246-SRB   Document 18   Filed 09/23/20   Page 7 of 9

With respect to the location of documents, Plaintiff argues that its corporate records are maintained in Missouri and that Defendant's corporate records are presumably maintained in New York. The record does not show that any documents, many of which are likely in electronic format, would be more accessible in Arizona than in Missouri. For these reasons, the convenience of the witnesses and accessibility of records factors do not support transfer.

### iii. Location of the Conduct

Plaintiff states that the Lease involves properties in Missouri, Arkansas, Iowa, Kansas, and Oklahoma. Plaintiff further states, and Defendant does not dispute, that none of the properties are located in Arizona. Although the Lease recognizes that it was partially negotiated and executed in Arizona, the record does not establish that the events giving rise to this lawsuit primarily occurred there. This factor also weighs against transfer.

### iv. Applicability of the Forum State's Substantive Law

As stated above, the Lease provides in part that it "shall be governed by and construed in accordance with the internal laws of the states in which the Properties are located, as applicable, without regard to principles of conflicts of law. With respect to other provisions of this Lease, this Lease shall be governed by the internal laws of the State of Arizona, without regard to its principles of conflicts of law." (Doc. #1-1, p. 51.)

Based on these provisions, it appears that Arizona law could govern this lawsuit. However, "this Court is often called upon to apply the law of states outside of Missouri," and "is confident that it can properly apply [Arizona] law" to the extent necessary. *Boilermaker-Blacksmith Nat'l Pension Trust*, 2020 WL 1856456, at *1. Consequently, and at most, this factor weighs slightly in favor of transfer.

### v. Interest of Justice Factors

The "interest of justice" factors include "judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696 (numerals omitted).

For many of the reasons discussed above, the interest of justice factors do not support transfer. First, Plaintiff's choice of forum is afforded deference and the current record does not show that it should be disturbed in this case. Second, the costs of litigating this case in Missouri appear similar, if not less, than in Arizona. Third, the parties will be able to enforce a judgment and obtain a fair trial in both forums. Fourth, transfer is supported to the extent there may be conflict of law issues and because it would be preferable to have an Arizona court determine issues of Arizona law. However, this Court is capable of applying Arizona law if necessary.

Upon weighing all the relevant factors, the Court finds Defendant has failed to show that a transfer is warranted.

### IV. CONCLUSION

Accordingly, Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Based on Valid and Enforceable Forum Selection Clause (Doc. #9) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2020